UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON, #753595,

        Plaintiff,                      Hon. Paul L. Maloney

v.                                    Case No. 1:20-cv-802

SHERRY BURT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 24).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff initiated this action against the MDOC, MDOC Director Heidi Washington, and Muskegon Correctional Facility Warden Sherry Burt.   (ECF No. 1). Plaintiff alleges that Defendants exhibited deliberate indifference to his health and safety by housing prisoners who tested positive for COVID together with prisoners who tested negative for COVID.   Specifically, Plaintiff alleges the following.

On July 24, 2020, an inmate was escorted out of the facility for a medical appointment.   While outside the facility, this inmate was exposed to COVID and began experiencing symptoms within a few days of returning to the facility.   On July 27, 2020,

-1-

Warden Burt acknowledged the facility's first documented COVID case.    On July 31, 2020, Burt reported that there were six positive COVID cases within the facility and that more were expected.    Burt nevertheless began moving inmates within the facility without first determining their COVID status.

The number of prisoners in the facility that tested positive for COVID continued to increase.    On August 14, 2020, prisoners were informed that 691 prisoners had tested positive for COVID.    The following day, Plaintiff tested positive for COVID and was moved to a location where he was housed with 20-30 other prisoners who tested positive for COVID.    Because of his underlying health impairments, Plaintiff feared that he would die.

Plaintiff initiated this action on August 24, 2020, seeking injunctive and monetary relief.    The Court subsequently dismissed all of Plaintiff's claims save his Eighth Amendment deliberate indifference claim against Warden Burt (ECF No. 9), who now moves for summary judgment.    Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d

at 735.    Stated differently, the "ultimate question is whether the evidence presents a

sufficient factual disagreement to require submission of the case to the jury, or whether

the evidence is so one-sided that the moving parties should prevail as a matter of law."

*Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to

prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative

remedies.    *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).    Prisoners are no longer

required to demonstrate exhaustion in their complaints.    *See Jones v. Bock*, 549 U.S.

199, 216 (2007).    Instead, failure to exhaust administrative remedies is "an affirmative

defense under the PLRA" which the defendant bears the burden of establishing.    *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated

that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules."    *Woodford

v. Ngo*, 548 U.S. 81, 90-93 (2006).    In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all
> that is required by the PLRA to 'properly exhaust.'    The level
> of detail necessary in a grievance to comply with the grievance
> procedures will vary from system to system and claim to claim,
> but it is the prison's requirements, and not the PLRA, that
> define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

As noted above, the events giving rise to this action began on July 24, 2020, with Plaintiff filing his complaint only one month later on August 24, 2020.   Defendants have submitted evidence that Plaintiff, prior to initiating the present action, failed to pursue

any grievance regarding his claim against Warden Burt through all three steps of the grievance process.    (ECF No. 25-3, PageID.168-86).    Plaintiff counters that he did, in fact, pursue a grievance through all three steps of the grievance process prior to filing the present lawsuit.    Specifically, Plaintiff alleges that grievance MCF-20-07-0709-28k properly exhausts his remaining claim against Defendant Burt.    (ECF No. 29).    The Court disagrees.

Where an inmate files a civil action in federal court before pursuing *to completion* his available administrative remedies, his complaint (or certain claims therein) must be dismissed for failure to properly exhaust administrative remedies.    *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Hopkins v. Ohio Department of Corrections*, 84 Fed. Appx. 526, 527 (6th Cir., Dec. 4, 2003) ("[w]hen a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate" because "[e]xhaustion may not be completed after a federal complaint has been filed").

According to MDOC policy, Step I and Step II grievances must be responded to within fifteen (15) business days after receipt.    MDOC Policy Directive 03.02.130 ¶¶ Z, EE (Mar. 18, 2019).    Step III grievances are "generally" responded to within sixty (60) days.    *Id.* at ¶ II.    Plaintiff's Step I grievance was received by prison officials on July 28, 2020, and denied the following day.    (ECF No. 1, PageID.8; ECF No. 25-3,

PageID.169).    Plaintiff submitted his Step II grievance on August 5, 2020.    (ECF

No. 30-4, PageID.219).    This grievance was denied on August 11, 2020, and returned to

Plaintiff on August 13, 2020.    (ECF No. 1, PageID.9).    Plaintiff submitted his Step III

grievance on August 14, 2020, and it was received by prison officials on August 25, 2020.

(ECF No. 25-3, PageID.169; ECF No. 29 at PageID.197).    Plaintiff's Step III grievance

was denied on October 20, 2020.    (ECF No. 30-4, PageID.218).

Prison officials timely responded to Plaintiff's Step I and Step II grievances, yet

Plaintiff nevertheless initiated the present action prior to receiving a response to his

Step III grievance.    Plaintiff's remaining claim must be dismissed, therefore, for failure

to properly exhaust his administrative remedies prior to initiating this action.    Plaintiff

counters that by submitting, on August 14, 2020, his Step III grievance, he exhausted

his available administrative remedies.    According to Plaintiff, he was not required to

await a response to his Step III grievance prior to filing the present lawsuit.    Plaintiff's

argument might have merit if prison officials had failed to timely respond to his

grievances.

As has been observed, if a prisoner files a lawsuit only after prison officials failed

to timely respond to his grievances, dismissal on exhaustion grounds may not, depending

on the circumstances, be appropriate.    *See, e.g., Fulkerson v. Washington*, 2016 WL

7337157 at *2-4 (W.D. Mich., Nov. 3, 2016).    Otherwise, prison officials could potentially

obtain the dismissal of *every* lawsuit filed by a prisoner who properly complies with the

MDOC's grievance policies.    MDOC officials would need only ignore every Step III

grievance and simply wait until the prisoner eventually files a lawsuit.  Once the prisoner files a lawsuit, MDOC officials could then issue a response to the Step III grievance and claim that the lawsuit must be dismissed because it was filed before the inmate completed the administrative process.  The present circumstance, however, is easily distinguishable.

Plaintiff filed his Step I grievance on or about July 24, 2020, and his Step I and Step II grievances were responded to within the time provided by MDOC policy. Plaintiff submitted his Step III grievance on August 14, 2020, but rather than awaiting a response to his grievance, or allowing the 60-day period articulated in MDOC policy to expire, Plaintiff initiated the present action only ten days later.  Defendant has established that Plaintiff initiated the present action before completing his available administrative remedies.  Accordingly, as Defendant has satisfied her burden on the question of exhaustion, the undersigned recommends that Defendant's motion be granted and this action terminated.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 24) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 14, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge