UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARREN JOHNSON, #753595,  )<br>Plaintiff,  )<br>  )<br>-V-  )<br>  )<br>SHERRY BURT, et al.,  )<br>Defendants.  )<br>  ) | No. 1:20-cv-802<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

This is a prisoner civil rights action brought by state prisoner Darren Johnson pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Johnson's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Philip J. Green (R&R ECF No. 37; Objection ECF No. 38). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Johnson argues that Magistrate Judge Green erred in concluding that he failed to exhaust available administrative remedies. In Johnson's view, simply submitting his grievance at Step III exhausted his remedies, and he did not have to wait for a response. This is not so. An inmate must pursue the administrative process to completion: "Exhaustion may not be completed after a federal complaint has been filed." *Hopkins v. Ohio Dep't of Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003). In this case, Johnson submitted his Step III grievance on August 14, 2020, and then filed this lawsuit on August 24, without waiting for a response or allowing the 60-day response period to expire. Accordingly, Johnson has not exhausted his administrative remedies. There is no error in the R&R, so Johnson's objection will be overruled.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the June 14, 2021 R&R (ECF No. 37) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 38) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 24) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** August 6, 2021                                          /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge